**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**Case No.**

LUIS SALVAT,

     Plaintiff,

vs.

ALPHA WAREHOUSE SERVICES, INC,
LIVAN ANTIGUA,
AB BROTHERS USA INC,
and JOHANIA TOMAS DIAZ

     Defendants.

_____/

## **COMPLAINT**

Plaintiff, LUIS SALVAT ("Plaintiff"), by and through the undersigned counsel, hereby sues Defendants, ALPHA WAREHOUSE SERVICES, INC., LIVAN ANTIGUA, AB BROTHERS USA INC, and TOMAS DIAZ, JOHANIA (collectively, "Defendants"), and in support thereof avers as follows:

### **GENERAL ALLEGATIONS**

1. This is an action by the Plaintiff for damages exceeding $75,000, excluding attorneys' fees or costs, for unpaid wages and retaliation under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA").

2. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to the 29 U.S.C. § 216.

3. Defendant ALPHA WAREHOUSE SERVICES, INC. is authorized to conduct business in Miami-Dade County, Florida, where Plaintiff worked for Defendant, and at all times material hereto was and is engaged in interstate commerce.

4. Defendant LIVAN ANTIGUA is a corporate officer of, and/or exercised operational control over the activities of corporate Defendant, ALPHA WAREHOUSE SERVICES, INC.

5. Defendant AB BROTHERS USA INC is authorized to conduct business in Miami-Dade County, Florida, where Plaintiff worked for Defendant, and at all times material hereto was and is engaged in interstate commerce.

6. Defendant JOHANIA TOMAS DIAZ is a corporate officer of, and/or exercised operational control over the activities of corporate Defendant, AB BROTHERS USA INC

7. Declaratory, injunctive, legal and equitable relief is sought pursuant to the laws set forth above together with attorneys' fees, costs and damages.

8. All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

9. Mr. Salvat worked for Defendant(s) from January 2022 to May 10, 2024 as a security guard.

10. Mr. Salvat was entitled to the overtime rate for hours worked over forty in workweek during the entire course of his employment with Defendant(s).

11. Although Mr. Salvat worked 72 hours a week and he was a paid overtime at the regular hourly rate and no a time and half.

12. Mr. Salvat worked approximately seventy-two (72) hours a week for six days and was paid approximately twelve dollars and fifty cents per hour ($12.50).

13. Mr. Salvat is owed approximately $20,800.00 in unpaid overtime wages by Defendant(s) corresponding to three thousand three hundred and twenty-eight (3,328) overtime hours worked during the entire course of his employment with Defendant(s).

14.     At all times material hereto, Defendants had or should have had full knowledge of all hours worked by Plaintiffs.

15.     Plaintiffs worked numerous hours for which he was not properly compensated, including those hours worked in excess of forty in a given workweek.

16.     Defendants are joint employers of Plaintiff and also run a joint enterprise in which both corporations and their officers jointly had the ability to control the Plaintiff's work, schedules, pay rates, and could hire and fire Plaintiff.

## COUNT I
### *Wage & Hour Federal Statutory Violation against ALPHA WAREHOUSE SERVICES, INC and AB BROTHERS USA INC*

17. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 9 through 16 of this complaint as if set out in full herein.

18. This action is brought by Plaintiff to recover from the Defendant unpaid minimum wage and/or overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of the FLSA.

19. At all times pertinent to this Complaint, Defendant had two or more employees who regularly handled goods and/or materials which had been sold and transported from across state lines of other states, and the Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

20. Upon information and belief, at all times material hereto, Defendant's annual gross revenue exceeded $500,000 per annum on its own, or as part of a joint enterprise with the other corporate Defendant named herein, or which are as of yet unknown but will be revealed through further discovery.  To the extent that Defendant operated as part of a joint enterprise, it did so with

corporate entities that performed related activities, under the common control of the individual Defendant, and for common business purposes related to the work performed by Plaintiff for Defendant.

21.  By reason of the foregoing, the Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s).  Defendants' business activities involve those to which the FLSA applies.  The Plaintiff's work for the Defendant likewise affects interstate commerce.

22. Plaintiff seeks to recover for unpaid wages accumulated from the date of hire and/or from three (3) years from the date of the filing of this complaint.

23. Defendant knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of minimum and/or overtime wages as required by the FLSA and remain owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendant as set forth above. As such, Plaintiff is entitled to recover double damages.

**WHEREFORE**, Plaintiffs respectfully pray for the following relief against Defendant:

    A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

    B. Award Plaintiffs actual damages in the amount shown to be due for unpaid wages and unpaid overtime wage compensation for hours worked in excess of forty (40) each week, with interest;

    C. Award Plaintiffs an equal amount in double damages/liquidated damages;

    D. Award Plaintiffs the costs of this action, together with a reasonable attorneys' fees; and

    E. Grant Plaintiffs such additional relief as the Court deems just and proper under the circumstances.

## COUNT II
### Wage & Hour Federal Statutory Violation against LIVAN ANTIGUA and JOHANIA TOMAS DIAZ

24. Plaintiffs re-adopt each and every factual allegation as stated in paragraphs 9 through 16 of this complaint as if set out in full herein.

25. At the times mentioned, Defendant was, and is now, a corporate officer of corporate Defendants ALPHA WAREHOUSE SERVICES, INC. and AB BROTHERS USA INC

26. Defendant was an employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the interests of Defendant employer in relation to the employees of Defendant employer, including Plaintiffs.

27. As a corporate officer, Defendant possessed the authority to make financial and other employment-related decisions on behalf of the corporation including, but not limited to, those decisions regarding the hiring and firing of employees, classification of employees, assignment of work duties, and payment of wages. Defendant had operational control of the business and is thus jointly liable for Plaintiff's damages.

28. Defendant willfully and intentionally refused to properly pay Plaintiff's wages as required by the law of the United States as set forth above and remains owing Plaintiff these wages since the commencement of Plaintiffs' employment with Defendant as set forth above.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime wages for hours worked in excess of forty (40) weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D.  Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E.  Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

### **JURY DEMAND**

Plaintiffs demands trial by jury of all issues triable as of right by jury.

Dated: March 24, 2025                    Respectfully submitted,


/s/ Elvis J. Adan
Elvis J. Adan, Esq.
Fla. Bar No.: 24223
GALLARDO LAW OFFICE, P.A.
8492 SW 8th Street
Miami, Florida 33144
Telephone: (305) 261-7000